UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
NATALIA MOTTA,

                               Plaintiff,

      -against-

PARCMATE CORPORATION d/b/a SPACES, SOURABH SEN,
and ALLISON SEN,

                              Defendants.
--------------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

      Plaintiff Natalia Motta ("Motta" or "Plaintiff"), by her attorneys, Katz Melinger PLLC, complaining of the defendants, Parcmate Corporation d/b/a Spaces ("Spaces"), Sourabh Sen ("Sourabh"), and Allison Sen ("Allison") (collectively "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

      1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA") and the New York Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq.*

      2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

      3.     This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

      4.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

9. Defendant Spaces is a business corporation with its principal place of business located at 205 East 42nd Street, 20th Floor, New York, New York 10017.

10. Spaces offers a digital application system to help parking garages manage its customers, including locating a parking garage, check-in services, and payment processing.

11. Spaces is a covered employer within the meaning of the FLSA, NYLL, and at all relevant times, employed Plaintiff.

12. Defendant Sourabh is an individual residing, upon information and belief, in the State of New York.

13. At all relevant times, Sourabh was an officer, director, shareholder, and/or person in control of Spaces, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

14. At all relevant times, Sourabh exercised sufficient control over Plaintiff's day-to-day operations to be considered her employer under the FLSA and the NYLL.

15. Defendant Allison is an individual residing, upon information and belief, in the State of New York.

16. At all relevant times, Allison was an officer, director, shareholder, and/or person in control of Spaces, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

17. At all relevant times, Allison exercised sufficient control over Plaintiff's day-to-day operations to be considered her employer under the FLSA and the NYLL.

18. Defendants operate in interstate commerce and, upon information and belief, their revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

19. Defendants are subject to suit under the statutes alleged above.

### III. Factual Allegations

20. Defendants employed Plaintiff from in or around September 2015 until on or around March 15, 2018.

21. From in or around September 2015 until in or around December 2015, Defendants employed Plaintiff as a market research intern.

22. From in or around January 2016 until on or around March 15, 2018, Defendants employed Plaintiff as an account manager.

23. As a market research intern, Plaintiff's primary job duties included conducting research on Defendants' competitors and consumers; and performing a variety of administrative tasks, including proofreading reports, presentations, and data analysis.

24. As an account manager, Plaintiff's primary job duties included acting as the point of contact between Spaces and parking garages using the parking garage application; answering customer phone calls and resolving issues with the parking garage application; researching competitors and preparing presentations for review by her direct supervisor, Samuel Haber; instructing customers on the features of the parking garage application; assisting in promoting Spaces, including handing out flyers with Spaces' information; and performing any other duty as requested by Sourabh, Allison, and her direct supervisor, Samuel Haber.

25. Plaintiff's primary job duties as a market research intern and account manager did not require her to exercise independent discretion or judgment with respect to matters of significance to Defendants' business.

26. At no time did Plaintiff have the authority to hire, fire, or discipline employees, nor did she make suggestions or recommendations as to the hiring or firing of other employees.

27. From in or around September 2015 until in or around December 2015, Plaintiff regularly worked Mondays and Fridays from approximately 10:00 a.m. to approximately 4:00 p.m., with a thirty (30) minute meal break on each of the aforementioned work days; and Wednesdays from approximately 10:00 a.m. to approximately 3:00 p.m., without any meal or rest breaks, for a total of approximately sixteen (16) hours worked per week.

28. From in or around January 2016 until in or around December 2017, Plaintiff regularly worked Mondays to Fridays from approximately 9:00 a.m. to between 6:00 p.m. and 7:00 p.m., with a daily one (1) hour meal break, for an average of approximately forty-two and a half (42.5) hours worked per week.

29. From in or around January 2018 until on or around March 15, 2018, Plaintiff regularly worked Mondays to Fridays from approximately 9:00 a.m. to approximately 5:00 p.m.,

with a daily one (1) hour meal break, for a total of approximately thirty-five (35) hours worked per week.

30. Defendants neither tracked the hours Plaintiff worked nor required Plaintiff to record her work hours.

31. From in or around September 2015 until in or around December 2015, Defendants compensated Plaintiff at a rate of $15.00 per hour.

32. From in or around January 2016 until in or around December 2016, Defendants compensated Plaintiff with a fixed monthly salary of $2,500.00.

33. From in or around January 2017 until on or around March 15, 2018, Defendants compensated Plaintiff with a fixed monthly salary of $ 3,500.00.

34. However, Defendants did not pay Plaintiff any wages for a period of approximately ten (10) months during her employment with Defendants.

35. Specifically, Defendants failed to provide Plaintiff with her monthly salary, which was due on or around the following dates: January 15, 2017, February 15, 2017, July 15, 2017; August 15, 2017; October 15, 2017; November 15, 2017; December 15, 2017; January 15, 2018; February 15, 2018; and March 15, 2018.

36. As a result, Defendants failed to pay Plaintiff at least the applicable minimum wage for all hours worked during the aforementioned ten (10) month period.

37. Moreover, on or around December 21, 2016, Plaintiff and Defendants entered into an agreement whereby, as part of her compensation as an employee, Plaintiff would receive 1% of the shares of Spaces as of December 21, 2016 (the "Agreement").

38. Defendants failed to provide Plaintiff with her 1% share of Spaces or pay her for distributions, profits, and other benefits she was entitled to receive under the Agreement.

39. As Defendants failed to provide Plaintiff with her 1% share of Spaces or pay her for distributions, profits, and other benefits she was entitled to receive, Defendants breached their Agreement with Plaintiff.

40. Throughout her employment with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive at least the minimum wage for all of the hours she worked as well as overtime wages for all hours worked in excess of forty (40) per week.

41. However, Plaintiff was not paid at least the applicable minimum wage for all hours worked for a period of approximately ten (10) months during her employment with Defendants.

42. Moreover, despite routinely working more than forty (40) hours per week, Plaintiff was not paid overtime compensation of one and one-half times her regular rate of pay for the hours she worked in excess of forty (40) hours per week, in violation of the FLSA and NYLL.

43. Defendants also failed to furnish to Plaintiff a payroll notice at the time of her hire, or at any time thereafter, containing Plaintiff's rates of pay, the designated payday, or other information required by NYLL § 195(1).

44. Defendants further failed to furnish to Plaintiff, with each wage payment, an accurate statement listing Plaintiff's regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

45. On February 13, 2020, Plaintiff and Defendants entered into a pre-litigation tolling agreement, which superseded prior tolling agreements between the parties, tolling all statutes of limitations for any claims that Plaintiff has or may have against Defendants from October 10, 2019 through and including March 30, 2020, including all claims pursuant to the FLSA and NYLL.

46.     Defendants violated federal and state law by willfully failing to pay Plaintiff the statutory minimum wages and overtime compensation to which Plaintiff was entitled; by failing to provide Plaintiff the required payroll notice and wage statements pursuant to NYLL; and by failing to provide Plaintiff with her 1% share of Spaces or pay her for distributions, profits, and other benefits she was entitled to receive under the Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Overtime Violations under the FLSA)*

47.     Plaintiff repeats and realleges all prior allegations set forth above.

48.     Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to overtime compensation of one and one-half times her regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

49.     Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

50.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular hourly rates of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

51.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

52.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

53.     Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations under the NYLL)*

54. Plaintiff repeats and realleges all prior allegations set forth above.

55. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half times her regular hourly rate or pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

56. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

57. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

58. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

59. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

60. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Minimum Wage Violations under the FLSA)*

61. Plaintiff repeats and realleges all prior allegations set forth above.

62. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to receive the statutory minimum hourly wages for all hours worked.

63. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff the statutory minimum wages for all of the hours she worked.

64. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

65. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

66. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of her unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(*Minimum Wage Violations under the NYLL*)

67. Plaintiff repeats and realleges all prior allegations set forth above.

68. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

69. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wages for all of the hours she worked.

70. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

71. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

72. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION
(*Failure to Provide Payroll Notices under the NYLL*)

73. Plaintiff repeats and realleges all prior allegations set forth above.

74. Throughout the relevant time period, Defendants failed to furnish to Plaintiff a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

75. As Defendants failed to provide Plaintiff with a payroll notice as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

76. Judgement should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A SIXTH CAUSE OF ACTION
(*Failure to Provide Wage Statements under the NYLL*)

77. Plaintiff repeats and realleges all prior allegations set forth above.

78. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: Plaintiff's regular and overtime rates of pay; the number of regular and overtime hours worked, gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

79. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

80. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A SEVENTH CAUSE OF ACTION
*(Failure to Timely Pay Wages under the NYLL)*

81. Plaintiff repeats and realleges all prior allegations set forth above.

82. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid her earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

83. During the relevant period, Defendants routinely failed to pay Plaintiff all of her earned wages in accordance with the agreed-upon terms of employment.

84. During the relevant period, Defendants failed to timely pay Plaintiff all her earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

85. Plaintiff regularly worked in excess of forty (40) hours per work during her employment with Defendants.

86. Throughout the relevant time period, Defendants failed to pay Plaintiff all wages earned by Plaintiff, including minimum wages and overtime wages earned for all hours worked in excess of forty (40) in a workweek, in violation of NYLL § 191(1)(a)(i).

87. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, liquidated damages, all reasonable attorneys' fees, interest, and costs.

88. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
*(Breach of Contract and Declaratory Judgment)*

89. Plaintiff repeats and realleges all prior allegations set forth above.

90. On or around December 21, 2016, Plaintiff and Defendants entered into an Agreement whereby, as part of her compensation as an employee, Plaintiff would receive 1% of the shares of Spaces as of December 21, 2016.

91. Defendants failed to provide Plaintiff with her 1% share of Spaces or pay her for distributions, profits, and other benefits she was entitled to receive under the Agreement.

92. As Defendants failed to provide Plaintiff with her 1% share of Spaces or pay her for distributions, profits, and other benefits she was entitled to receive, Defendants breached their Agreement with Plaintiff.

93. As a result, Plaintiff has been damaged and is entitled to recover from Defendants her 1% share of Spaces or all distributions, profits, and other benefits she was entitled to receive.

94. Judgment should be entered in favor of Plaintiff and against Defendants on the Eighth Cause of Action for damages incurred as a result of Defendants' breach of the Agreement, including any distributions, profits and other benefits due to Plaintiff, costs, interest, and such other legal and equitable relief as this Court deems just and proper and further declaring Plaintiff is a 1% owner of the shares of Spaces as of December 21, 2016.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for damages incurred as a result of Defendants' breach of the Agreement, including any distributions, profits and other benefits due to Plaintiff, and further declaring Plaintiff is a 1% owner of the shares of Spaces as of December 21, 2016.

i) interest;

j) costs and disbursements; and

k) such other and further relief as is just and proper.

Dated: New York, New York
March 27, 2020

<u>*/s/Katherine Morales*</u>
Katherine Morales
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
kymorales@katzmelinger.com
*Attorneys for Plaintiff*
